(Del. Rev.12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

ORIGINAL

**Timothy Matthews**

(Name of Plaintiff or Plaintiffs)

06-330

v.

CIVIL ACTION NO. ~~17C 2005-00152~~

**Mountaire farms of Delaware**

(Name of Defendant or Defendants)

## COMPLAINT

1. This action is brought pursuant to **Title VII of the Civil Rights Act**
   (Federal statute on which action is based)
   for ~~discrimination~~ Retaliation related to **Retaliation** jurisdiction exists by virtue of
   (In what area did discrimination occur? e.g. race, sex, religion)

   (Federal statute on which jurisdiction is based)

2. Plaintiff resides at **P.O. Box 1453**
   (Street Address)
   **Seaford**, **Sussex**, **Delaware**, **19973**
   (City)    (County)    (State)    (Zip Code)
   **(302) 381-7107**
   (Area Code) (Phone Number)

3. Defendant resides at, or its business is located at **P.O. Box 1320**
   (Street Address)
   **Millsboro**  **Sussex**  **Delaware**  **19966**
   (City)    (County)    (State)    (Zip Code)

4. The alleged ~~discriminatory~~ Retaliation acts occurred on **15**, **8**, **2004**
   (Day)   (Month)   (Year)

5. The alleged ~~discriminatory~~ Retaliation practice ☐ is  ☒ is not continuing.

6. Plaintiff(s) filed charges with the __Dept. of Labor__
   (Agency)
   __24 N.W. Front Steet    Milford,  Sussex    Del.  19963__
   (Street Address)   (City)        (County)      (State)  (Zip)
   regarding defendant(s) alleged discriminatory conduct on: __12-27-04__
   (Date)

7. Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8. Was an appeal taken from the agency's decision?    Yes ☐    No ☐
   If yes, to whom was the appeal taken?_____

9. The ~~discriminatory~~ Retaliation acts alleged in this suit concern: (Describe facts on additional sheets if necessary)

   __Attached copy__

10. Defendant's conduct is ~~discriminatory~~ Retalitory with respect to the following:

    A. ☑   Plaintiff's race
    B. ☐   Plaintiff's color
    C. ☐   Plaintiff's sex
    D. ☐   Plaintiff's religion
    E. ☐   Plaintiff's national origin

11. Plaintiff prays for the following relief: (Indicate the exact relief requested)

Punitive damage $200,000.00
Monitary damage $50,000.00
total $250,000.00

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 5-18-06

_Timothy Matthews_
(Signature of Plaintiff)



**MARGOLIS EDELSTEIN**

ATTORNEYS AT LAW
www.margolisedelstein.com

**DELAWARE OFFICE:**
1509 GILPIN AVENUE
WILMINGTON, DE 19806
302-777-4680
FAX 302-777-4682

KERI L. MORRIS, ESQUIRE
kmorris@margolisedelstein.com

PHILADELPHIA OFFICE:*
THE CURTIS CENTER, 4TH FLOOR
601 WALNUT STREET
INDEPENDENCE SQUARE WEST
PHILADELPHIA, PA 19106-3304
215-922-1100
FAX 215-922-1772

HARRISBURG OFFICE:*
3510 TRINDLE ROAD
CAMP HILL, PA 17011
717-975-8114
FAX 717-975-8124

PITTSBURGH OFFICE:
310 GRANT STREET
THE GRANT BUILDING, SUITE 1500
PITTSBURGH, PA 15219
412-281-4256
FAX 412-642-2380

SCRANTON OFFICE:
THE OPPENHEIM BUILDING
409 LACKAWANNA AVENUE
SUITE 3C
SCRANTON, PA 18503
570-342-4231
FAX 570-342-4841

SOUTH NEW JERSEY OFFICE:*
SENTRY OFFICE PLAZA
216 HADDON AVENUE, 2ND FLOOR
P.O. Box 92222
WESTMONT, NJ 08108
856-858-7200
FAX 856-858-1017

NORTH NEW JERSEY OFFICE:
CONNELL CORPORATE CENTER
THREE CONNELL DRIVE
SUITE 6200
BERKELEY HEIGHTS, NJ 07922
908-790-1401
FAX 908-790-1486

* MEMBER OF THE HARMONIE GROUP

September 20, 2005

Ms. Trina Wheedleton
Labor Law Enforcement Officer
Delaware Department of Labor
Division of Industrial Affairs
24 N.W. Front Street
Milford, DE 19963

  RE: Timothy Matthews v. Mountaire Farms of Delaware
     Case No. 04120905/17CA500152

Dear Trina:

  I am responding on behalf of my client, Mr. Timothy Matthews, to your letter dated September 5, 2005 regarding the above-captioned matter. I have had the opportunity to meet with my client and discuss the specifics of his case and provide the following in support of Mr. Matthews' position.

  With respect to Mr. Mathews' disability allegations, he has advised that he never made a complaint of disability discrimination. At the time he met with the representative of the Department of Labor in December 2004, he had indicated that he was out for certain medical reasons. It was based upon this admission that the Officer believed Mr. Matthews wanted to file a charge for disability discrimination. Mr. Matthews is in agreement that Mountaire did not discriminate against him based on his disability and therefore has no additional evidence to provide in support of this claim.

  With respect to Mr. Matthews' allegations of race discrimination and retaliation, below is a factual background with respect to the allegations:

  In or around August 2004, prior to leaving for a run, Mr. Matthews learned that someone had placed an obstruction to his brake line on his vehicle. He made a complaint to his immediate supervisor, Rolland Lynch. After Mr. Matthews advised Mr. Lynch of his complaint, Mr. Lynch had advised Mr. Matthews that, "if he [Lynch] finds out who did this, they are out of here". According to Mr. Matthews, after further investigation by the company and after learning that it was Mr. Betts who placed the obstruction in Mr. Matthews' brake line, Mr. Lynch's demeanor

Ms. Trina Wheedleton
September 20, 2005
Page 2

changed and said that it would be handled internally. Mr. Matthews continued to follow up with the appropriate officials at Mountaire and was ultimately yelled at by Mr. Lynch when he stated, "what do you want me to do?" During these conversations between Mr. Matthews and Mr. Lynch, Mr. Matthews advised Mr. Lynch that he believed the behavior was based on race, i.e. that the incident was racially motivated and that Mr. Matthews felt that he was the subject of race discrimination.

Thereafter, and as a result of his internal complaint of race discrimination, Mr. Matthews believes he was the subject of retaliatory treatment by Mountaire Farms. Specifically, in December 2004, he had been out on medical leave for a condition called vertigo. He was subsequently cleared by his primary care physician to return to work. He returned to work and provided his medical clearance to the nurse working at Mountaire Farms. The nurse advised Mr. Matthews that he needed a more specific note, saying that "he was medically cleared to return to work with no restrictions." Mr. Matthews complied with this request. Thereafter, the nurse cleared Mr. Matthews to return to work and he began work that same day. Mr. Matthews' supervisor, Mr. Lynch, saw him that day and based upon information and belief, Mr. Lynch immediately contacted the nurse. Mr. Lynch thereafter contacted Mr. Matthews on his cell phone and advised him to return to the plant facility. When Mr. Matthews returned to the plant facility, he was advised to return to the nurse's office. When he returned to the nurse's office, she advised him that he was not cleared to return to work and he needed to see a neurologist for his condition and to obtain medical clearance. Mr. Matthews complied with the request of Mountaire Farms and saw a neurologist who subsequently cleared him to return to work. Mr. Matthews went back to the nurse at Mountaire Farms and provided the medical clearance note by his neurologist. He once again returned to work and was advised he needed to see the company physician. Mr. Matthews agreed, but the appointment was not able to be scheduled until the beginning of January 2005. All the while, Mr. Matthews was not receiving any compensation because he was not working.

Through Human Resources, Mr. Matthews explored the possibility of obtaining short-term disability while he was out, which he did finally receive. In the beginning of January 2005, Mr. Matthews went and saw the company physician. He was asked by the company physician why he was there to see him because the company physician was not certain on the medical reason for the appointment. The company physician examined Mr. Matthews and cleared him to return to work. It is important to note that the company physician questioned Mr. Matthews as to why Mountaire Farms needed the company physician to clear him to return to work when a neurologist had already provided a note supporting medical clearance.

After Mr. Matthews left the appointment with the company physician, he questioned the receptionist as to why it took so long to obtain the medical appointment. According to Mr. Matthews, the receptionist seemed confused by his query. Her response was, "normally a request to see the company physician is complied with on the same day or not later than the next day". However Mr. Matthews had to wait almost an entire month, again all the while, not receiving any compensation of any sort.

As you know, the *prima facie* elements to establish a retaliation case under Title VII of the Civil Right Act is that Charging Party must: (1) engage in protected activity;

Ms. Trina Wheedleton
September 20, 2005
Page 3

(2) he must be subject to some type of adverse employment action; and, (3) there must be a causal connection between the protected activity and the adverse employment action.

It is clear that Mr. Matthews engaged in protected activity when he advised Mr. Lynch that he believed he was the subject of racial discrimination after the incident in August 2004 when Mr. Betts placed some type of object in Mr. Matthews' brake line causing an obstruction.

The fact that Mr. Matthews was not allowed to work during the month of December and the beginning of early January and not receiving pay qualifies as an adverse employment action to satisfy the second element of a retaliation claim.

Finally, it is clear that a causal connection between Mr. Matthews' comment regarding racial discrimination and the subsequent adverse employment action because after Mr. Matthews made his internal complaint of race discrimination he had to go through many obstacles to return to work.

Base on the foregoing, we respectfully request that the Delaware Department of Labor consider this additional information and either continue its investigation or issue a reasonable cause finding for retaliation in favor of Mr. Matthews and against Mountaire Farms of Delaware. If you have any questions or require any additional information, please do not hesitate to contact me.

Thank you in advance for your attention and cooperation in this matter.

Very truly yours,

*Keri L. Morris*

**KERI L. MORRIS**

KLM:cab

cc: Mr. Timothy C. Matthews

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

06-330

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Timothy Matthews

### DEFENDANTS
Mountaire Farm of Del.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|-----|-----|---|-----|-----|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Retaliation based on Distrimination (Race)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 5-19-06

SIGNATURE OF ATTORNEY OF RECORD: Timothy C. Matthews

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____