UNITED STATES DISTRICT COURT
FROM THE DISTRICT OF DELAWARE

Timothy Matthews
    Plaintiff

Vs.

                      C.A. No. 06-330

Mountaire Forms of Delaware, Inc.

Register Agent: The Corporation Trust Co.


FILED
DEC 18 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MOTION TO AMEND COMPLAINT AS ATTACHED

Timothy Matthews Prose, hereby submit this Motion to Amend Complaint as attached and in support avers as follows:

1. On May 19, 2006, Timothy Mathews filed a complaint using the standard forms provided by the U. S. District Court Clerk.

2. Mr. Mathews has since learned from concerned citizens of his community that the complaint lack clarity.

3. Mr. Matthews has been financially unable to afford legal counsel to assist him with the filing of his complaint.

WHEREFORE plaintiff in this court action, requests of this court to allow him to amend his complaint as attached, and submitted with the motion to amend. Extra copies of this complaint is hereto attached

IN THE ALTERNATIVE, if Plaintiff is without legal jurisdiction to amend his complaint, due to the fact that an answer has been filed, Plaintiff request that his

## Certificate of Service

I certify that a true and correct copy of the <u>attached MOTION TO AMEND COMPLAINT w/ copy of the amended complaint</u> was mailed prepaid postage US Mail to the following.

                                                  Author M. Brewer
                                                  Admitted Pro Hac Vice
                                                  Shawe and Rosenthal, LLP
                                                  20 S. Charles Street, 11th Fl
                                                  Baltimore, MD
                                                        21201

                                                Roger D. Landon
                                                Murphy, Spadaro and Landon
                                                1011 Centre Road #210
                                                Wilmington, DE
                                                        19805

Dated: 18 Dec. 06

                                     Respectfully submitted,
                                     */s/ Timothy Matthews*
                                     Timothy Matthews
                                     P.O. Box 1453
                                   Seaford, Delaware 19973

complaint be withdrawn without prejudice; thus he could re-file his complaint as amended

Dated: 8th Dec. 06
13 Dec 06

Respectfully submitted,

*Timothy Matthews* (signature)

Timothy Matthews
P.O. Box 1453
Seaford, Delaware 19973

UNITED STATES DISTRICT COURT
FROM THE DISTRICT OF DELAWARE

Timothy Matthews
        Plaintiff

Vs.
                                  C.A. No. 06-330

Defendants

1. Mountaire Forms of Delaware, Inc.
   Register Agent: The Corporation Trust Co.
2. Roland Lynch
3. Wells Betts
4. Al Pascual Jr.
5. Claudia Pittman
6. Lori Carey
7. Linda Michell



NOTICE OF AMENDED COMPLAINT

Timothy Matthews Prose, hereby submits this Notice of Amended Complaint, and in support avers as follows:

PARTIES

1. Plaintiff, Timothy Matthews, an adult, and whose mailing address is P.O. Box is 1453 Seaford, DE 19973

2. Defendants, Mountaire Farms of Delaware, Incorporated, whose registered agent is 1209 Orange Street Wilmington, DE 19801 a Delaware Corporation

3. Defendant, Roland Lynch, an adult, whose employment address is Mountaire Farms of Delaware. P.O. Box 1320, Millsboro, DE 19966

4. Defendant, Wells Belts, an adult, whose home address is Rd. 5 Box 517. P.O. Box 64, Millsboro, DE 19966, and employment address is Mountaire Farms of Delaware, Inc. P.O. Box 1320, Millsboro, DE 19966

/.

5. Defendant, Al Pascval Jr., an adult, whose former employer was Mountaire Farms of Delaware. P.O. Box 1320, Millsboro, DE 19966 and current employer's address

6. Defendant, Nurse, Claudia Pittman, an adult, whose employment address is Mountaire Farms of Delaware. P.O.Box 1320, Millsboro, DE 19966

7. Defendant, Nurse, Lori Carey, an adult, whose employment address is Mountaire Farms of Delaware. P.O.Box 1320, Millsboro, DE 19966

8. Defendant, Benefit Manager, Linda Mitch\ell, an adult whose employment address is Mountaire Farms of Delaware. P.O.Box 1320, Millsboro, DE 19966

## JURISDICTION AND VENILE

1. This court has subject matter jurisdiction pursuant to Article III of the United States Constitution and , Title VII of the Civil Rights Act of 1964 S 704(a); 42 U.S.C.A. 2000e-3 (a).

2. Venue is proper because the events that gave rise to this action occurred in this district.

## CLAIM

1. Defendants retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 Sec. 704(a), and 42 U.S.C.A. 2000e-3(a) because:

    a. Plaintiff reported an incident in which his co-worker (who dislikes him) intentionally obstructed the brake air line of the truck assigned to the Plaintiff by placing U.S. currency (specifically quarters) in the brake line of

2.

   the Plaintiff truck -- which plaintiff drove daily as a former truck driver of Mountaire Farms.

   b. The co-worker made it known to the supervisor, as well as the Plaintiff that he placed the currency in the brake line because he disliked the Plaintiff.

   c. Plaintiff contacted local law enforcement when he felt that he had exhausted all efforts within the company -- against the request of the supervisor.

   d. Defendants and their employer in concert, engaged in retaliatory conduct, which ultimately led to Plaintiff being unlawfully terminated because he is an African American and the other employee, who engaged in negative conduct is Caucasians and a close friend of the supervisor.

2. Defendant intentionally violated the Occupational Safety and Health Act (OSHA) Section 5(a) (1) when they failed to protect the Plaintiff who was placed in a threatening environment that could have caused him bodily harm and/ or injury.

3. Defendants discriminated against Plaintiff because he is an African American

4. Defendants violated Title 19 Delaware State Code 711, when they engaged in arbitrary and retaliatory conduct against Plaintiff because of his race.
   (see exhibit #1)

3.

## FACTS SUPPORTING CLAIMS

1. Plaintiff Timothy Matthews was employed by Mountaire Farms Inc. as a driver for the Feed Mill from March 24, 2003 until January 12, 2005.

2. On or about the 15th of August 2004, Well Betts, an employee in the feed department at Mountaire Farms', located in Millsboro, Delaware, intentionally placed quarters in the break lines of a company vehicle assigned to Timothy Matthews. This action caused an obstruction in the air ways of the break line of the vehicle.

3. An employee of Mountaire detected the quarters obstructing the vehicles break line upon his safety inspection of the vehicle, before leaving the parking area of the company.

4. This detection was witnessed by Roland Lynch, supervisor of both Betts and Mr. Matthews himself.

5. Mr. Lynch stated, "It was a violation of the company's safety policy, and whoever placed the quarters in the break line would be terminated."

6. Later that evening, Mr. Matthews questioned Betts about the incident with the quarters being placed in the break lines.

7. Mr. Betts admitted to Matthews that he placed the quarters in the line.

8. Mr. Matthews informed his supervisor Mr. Lynch regarding Betts' confession.

9. Three weeks later, a meeting was held in the Human Resource office at Mountaire Farms.

10. Present at the meeting were Mr. Lynch, Mr. Matthews, Mr. Betts, ~~Gray~~ Gary Anderson- Human Resource Manager, and Mike Stuck-Feed Mill Mgr.

11. As a result of the long delay by staff at Mountaire in speaking with Mr. Betts regarding a major safety violation, Mr. Matthews felt that it would be in his best interest to record the meeting. Therefore, Mr. Matthews has a recording of the meeting in his possession. (enclosed as exhibit # 8)

12. During the meeting, Mr. Betts boastfully admitted that he had deep dislike for Mr. Matthews, and that he intentionally obstructed the break air lines of the vehicle which Mr. Matthews was assigned to drive.

13. The meeting resulted with a reprimand in writing by Management. Mr. Betts was not suspended, nor fired for his racially motivated and hazardous conduct which could have resulted in fatality to his co-worker and pedestrians on the road. Yet, Plaintiff was "immediately terminated."

14. Dissatisfied with the outcome, Mr. Matthews continued to pursue the matter at the various levels of management, without success.

15. Plaintiff was out sick on Monday December 13, 2004.

16. **Plaintiff returned on December 14, 2006 with a doctor's note- which he showed to the Medical Department**, specifically Ms. Lori Carry, LPN. He was then instructed to return to duty. **(see exhibit # 1)**

17. While in his work truck and prior to him leaving to go out on the road the Plaintiff received a call on his cell phone from his supervisor Mr. Roland Lynch instructing him to return to the Medical Department.

5.

18. Plaintiff exited his vehicle and immediately returned to the Medical Department.

19. For reasons contrary to **Mountaire's policy** as cited on page 2 of the Mountaire's Corporation Employee Benefits Orientation Packet, which clearly states, **"When absent due to medical reasons, the employee must produce a note from the attending doctor stating their expected date to return to work. This note must be conveyed to Human Resources through the Medical Department"** (Referenced as Plaintiff exhibit # 1 with attached Dr.'s note). The nurse refused to accept the doctor's note, which she initially accepted.

20. The nurse, again called Plaintiff back prior to him taking his truck on the road, and **requested that plaintiff provide another doctor's note specifying that Plaintiff could work without restrictions (see exhibit No. (3).**

21. **After compliance**, the Medical Department for reasons unknown to Plaintiff, without the attending doctor's referral, and to further retaliate against Plaintiff, **requested that Plaintiff be seen and cleared (to come back to work) by a neurologist; thus provide another doctor's note on top of the two Dr.'s note previously provided.** (See exhibit No. (3).

22. **After clearance by the neurologist**, Plaintiff immediately returned to work and provided the clearance letter to the Medical Department (see exhibit No. (4). This represented the Third Doctor's note

6.

provided to the Medical Department. *When was the harassment and retaliation going to end?*

23. Apparently, dissatisfied with the clearance by the neurologist the <u>**Medical Department's nurse then requested that Plaintiff be seen and cleared by the company's doctor for a "Fit for Duty Exam,"**</u> with his work status to be decided at such time. **Therefore a FOURTH Doctor's note was requested.**

24. An appointment for the "Fit for Duty Exam" was scheduled for January 6, 2005, (it must be noted that this appointment time was intentionally delayed for several weeks- to further retaliate and harass Plaintiff.

25. **Plaintiff provided the fourth note to the Medical Department. See exhibit #10**

26. It must be noted that throughout the escapade, Plaintiff was receiving what defendants refer to as "Short term disability" which amounted to approximately thirty dollars ($30) a day, when his average pay was about one hundred and fifty dollars ($150) a day.

27. The benefits manager at Mountaire, without factual data to support reducing Plaintiff pay to that of "Short term disability" refused to inform Plaintiff or state for the record the disabling condition for which the company alleged Plaintiff to have. "There has been no medical diagnosis of a disability; no physician has found Plaintiff to be disabled. He was repeatedly cleared to work without restrictions." Yet, he was placed on "short term disability" with a reduction in pay.

7.

28. The evidence clearly revealed that Plaintiff did not have a disability. He was repeatedly cleared for work. Yet, he was denied his right to return to work in violation of Title VII Retaliation Civil Rights Act of 1964 704(a), and 42 USCA 2000(e)-3(a) because of his race, and due to the fact that he exercised his first amendment right to free speech- reporting the incident to the police regarding Mr. Betts, and seeking redress through filing a grievance with the Division of Industrial Affairs.

29. Plaintiff suffered financially. He experienced undue stress, and mental anguish, as a result of the intentional conduct of the defendants working in concert with each other to violate plaintiff rights, and discriminate against Plaintiff because he is an African American.

30. Thereafter, while on forced leave of absence (12-28-04), Mr. Matthews decided to report the incident involving the obstruction of his brake line to the Delaware State Police (see exhibit No. (5).

31. Mr. Matthews also filed a claim of employment discrimination with the Division of Industrial Affairs in Milford. (see exhibit # 9)

32. When Mr. Matthew returned to work from his forced medical leave on January 7, 2005, he was immediately discharged by his employer for allegedly using threatening language. He was informed to contact Human resources for formalization of such termination within three working days.

33. An investigation was subsequently conducted by the Division of Unemployment Insurance Appeals docketed as Appeal No. 731505. The investigation revealed that Mountaire Farms of Delaware, incorporated -

8.

have no written policies regarding a threat of physical harm (refer to exhibit # 6 p.2).

34. In addition, the investigation, revealed that the employer's practice has been to just suspend the employees and then terminate the employee; the suspension as noted in the report is Mountaire's standard operating procedure (refer to exhibit six p.2).

35. More important, the investigation revealed that Mountaire never terminated anyone on the spot (see exhibit six p.2).

36. As stated in the findings of the Appellant Referee, of the Division of Industrial Affairs- Ms. Stephanie K. Parker, "There is no evidence to show that the claimant was ever warned about use of threatening language or that he (Plaintiff) was informed of the employer's usual procedure for dealing with the use of threatening language."

37. Likewise, with respect to being terminated for using threatening language, it was clear from the Appellant Referee's conclusion of law, who spoke directly with the employees of Mountaire that "... The claimant never specifically directed the statement towards the dispatcher. Instead, the claimant simply referred to "Some one... Even the dispatcher stated that he knew the claimant was upset when the claimant came into the office. Thus, it is possible that the claimant was upset with someone else and simply made this statement out of frustration..." (See exhibit six (6) pg. five and six).

38. For reasons of racial intimidation, retaliation, bigotry, and discrimination against plaintiff because he is an African American, Mountaire agents arbitrarily terminated plaintiff employment without following their standard procedures, retaliating, basically against him for asserting his right to fair treatment at his place of employment.

39. Mountaire's agents refused to discipline or terminate Betts, a Caucasian, who acted intentionally, overtly, maliciously disregarding the safety of plaintiff- whom he sought to harm.

40. Without conscience, defendant Lynch, has concocted a theory- in defense of the Caucasian employee, Betts, who intentionally, and with malice obstructed the brake lines of the vehicle assigned to Plaintiff (see exhibit No. seven (7).

41. Yet, the theory created by him is negated by the fact that- the conduct violates Section 5(a) (1) of the Occupational Safety and Health Act.

42. Plaintiff contends that the conduct cited by Defendant Lynch shows that the employer has personal knowledge regarding the use of quarters to obstruct air lines in brakes.

43. He also has personal knowledge regarding the deliberate intentions of Mr. Betts to engage in the conduct to cause harm to Plaintiff (see exhibit No. eight an audio recording of Mr. Betts).

44. Plaintiff concluded that Mountaire failed to render its workplace free of hazards which they recognize can cause or likely to cause death or serious physical harm to Plaintiff.

45. Plaintiff contend that this case has the required elements of Title VII retaliation claim which includes:

   a. Plaintiff filed charge of harassment or engaged in other protected activity; (In this case Plaintiff reported intentional and malicious conduct regarding the obstruction of his brake line to his superior without no results; Therefore, Plaintiff reported the incident to the police, and filed a complaint of discrimination with the Division of Industrial Affairs).

   b. Plaintiff's employer subsequently took adverse employment action against Plaintiff (Mountaire repeatedly refused to accept Plaintiff's Doctor's notes. They intentionally sent plaintiff on a "Goose Chase", to various physicians, who repeatedly clear plaintiff to return to work. Mountaire denied plaintiff the right to return to work. In an effort to cause plaintiff financial hardship, they placed plaintiff on short term disability without just cause. Further, Mountaire disregarded its standard operating procedures and immediately terminated Plaintiff employment contract sabotaging the true reason for termination alleging threatening behavior).

   c. Adverse action is clearly linked to Plaintiff Protected activity. (Plaintiff has a legal right to report unlawful conduct, as well as file a complaint of racial discrimination against his employee without being harassed, retaliated against, or fired) Civil Rights Act of 1964 704(a), 42 USCA 2000e-3(a).

11.

46. In addition, Plaintiff contend that he would not have been terminated if he had accepted his Caucasian employee's intentional and malicious behavior without complaint, and not file a complaint of discrimination with the Division of Industrial Affairs

47. Furthermore, since being terminated from Montaire Farm of Delaware Inc., Montaire's agents continued to provide negative references to prospective employers, who receive applications from Plaintiff.

Case Law in support:

Farrell v. Planters Lifesavers Co., 206 F. 3d 271 (3rd Cir. 2000)

Marc Berman v. Orkin Exterminating Co., 160 F. 3d 697 (11th Cir. 1998)

National Realty & Construction Co., Inc. v. OSHRC, 489 F. 2d 1257 (D.C. Cir. 1973)

## RELIEF REQUESTED

WHEREFORE Plaintiff requests of this court for the following relief, and any other relief the court may deem just and proper.

Mountaire Forms of Delaware, Inc. ............................3,000,000.00
Register Agent: <u>The Corporation Trust Co</u>.

Roland Lynch..............................................................1,500,000.00

Wells Betts-------------------------------------------------------1,500,000.00

Al Pascual Jr................................................................500,000.00

Claudia Pittman...........................................................500,000.00

Lori Carey...................................................................500,000.00

12.

Linda Michell..................................................................500,000.00

                        Respectfully submitted,    Dated 12/15/06
                        */s/ Timothy Matthews*
                        Timothy Matthews, ProSe

13.

## Certificate of Service

I certify that a true and correct copy of the <u>attached MOTION TO AMEND</u>

<u>COMPLAINT w/ copy of the amended complaint</u> was mailed prepaid postage US Mail

to the following:   on   15   Dec. 2006,

Defendants, Mountaire Farms of Delaware, Incorporated, whose registered agent is

<u>1209 Orange Street Wilmington, DE 19801</u> a Delaware Corporation

>   Author M. Brewer
>   Admitted Pro Hac Vice
>   Shawe and Rosenthal, LLP
>   20 S. Charles Street, 11th Fl
>   Baltimore, MD
>           21201

Roger D. Landon
Murphy, Spadaro and Landon
1011 Centre Road #210
Wilmington, DE
        19805

1. Defendant, Roland Lynch, an adult, whose employment address is Mountaire Farms of Delaware. P.O. Box 1320, Millsboro, DE 19966

2. Defendant, Wells Belts, an adult, whose home address is Rd. 5 Box 517. P.O. Box 64, Millsboro, DE 19966, and employment address is Mountaire Farms of Delaware, Inc. P.O. Box 1320, Millsboro, DE 19966

3. Defendant, Al Pascval Jr., an adult, whose former employer was Mountaire Farms of Delaware. P.O. Box 1320, Millsboro, DE 19966 and current employer's address

4. Defendant, Nurse, Claudia Pittman, an adult, whose employment address is Mountaire Farms of Delaware. P.O.Box 1320, Millsboro, DE 19966

5. Defendant, Nurse, Lori Carey, an adult, whose employment address is Mountaire Farms of Delaware. P.O.Box 1320, Millsboro, DE 19966

6. Defendant, Benefit Manager, Linda Mitch\ell, an adult whose employment address is Mountaire Farms of Delaware. P.O.Box 1320, Millsboro, DE 19966

Dated: 12/15/06

Respectfully submitted,
Timothy Matthews
P.O. Box 1453
Seaford, Delaware 19973

15,






From: Timothy Matthews
P.O. Box 1453
Seaford, De 19973

TO: US District Court – Delaware
844 N. King, Lockbox 18
Wilmington, De 19801

# SEALED DOCUMENT