**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TIMOTHY MATTHEWS, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. 06-330 |
| v. | * | |
| | * | |
| MOUNTAIRE FARMS | * | |
| OF DELAWARE, *et al.* | * | |
| | * | |
| Defendants. | * | |
| _____/ | | |

**DEFENDANTS' FIRST SET OF CONTINUING
INTERROGATORIES TO PLAINTIFF**

Defendants, Mountaire Farms of Delaware, Inc., Roland Lynch, Wells Betts, Alan Pascual, Jr., Claudia Pittman, Lori Carey and Linda Mitchell, propound these Interrogatories to Plaintiff, Timothy Matthews, pursuant to Federal Rule of Civil Procedure 33.

**INSTRUCTIONS**

1. These Interrogatories are continuing in nature and as such you are required to supplement each answer to each Interrogatory by providing any and all additional information that may hereafter be obtained by the Plaintiff or any other persons, agency, or entity acting for or on behalf of the Plaintiff.

2. Each interrogatory and each subparagraph of each Interrogatory is to be fully and separately answered. The Interrogatory in question is to be set forth in full before the answer is given.

3. Where knowledge or information, or possession or control of documents by Plaintiff is requested or inquired into, such request or inquiry includes the knowledge,

information, possession or control of or by the Plaintiff's agents, servants, representatives, and, unless privileged, the Plaintiff's attorney. Where these Interrogatories request information which is contained in a written document, please attach a copy of the document, or in the alternative completely describe and identify the document, including the name or names of the person or persons who are in possession thereof. If the document referred to has already been produced to Defendant, please identify the document and the document request in response to which it was produced.

4. Where an Interrogatory seeks to know the date on which an event took place and you cannot provide a specific day and month, approximate the time of the event or events as closely as possible through the use of other benchmarks such as before or after the date that an individual was hired, promoted, or transferred, near a holiday, etc.

5. If you refuse to answer any Interrogatory in whole or in part, list your reasons for doing so in your response to the Interrogatory.

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable to this request:

1. Where the Plaintiff is requested to "name" or "identify" a person or entity, state the person's/entity's full name, business address and telephone number, and, as to people, the individual's title (if any), and home address and telephone number.

2. The terms "you" or "your" means the Plaintiff, her agents, employees, representatives and all other persons acting on her behalf.

3. The terms "document" or "documents" as used herein mean any writing, telegram, memorandum, memorandum or note of conference or telephone conversation,

2

report, study, list, compilation of data, papers, books, records, contracts, pictures, photographs, tapes, computer discs, and all other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic or other copy, magnetic or electrical impulse, or other form of communication as recorded or reproduced. Said terms shall also mean copies thereof that differ in any respect from the original.

    4.  The term "describe" as used herein means explain fully by reference to underlying facts; where appropriate, include dates, places, name, job title, and last known address of the persons involved.

## INTERROGATORIES

    1.    State in full and complete detail how each named Defendant, Roland Lynch, Wells Betts, Al Pascual, Jr., Claudia Pittman, Lori Cary and Linda Mitchell, retaliated against the Plaintiff as alleged in paragraph 1 of the Amended Complaint by providing for each incident of alleged retaliation:

    (a)    the date(s);

    (b)    the time(s);

    (c)    the place(s);

    (d)    identity of all witness(es) to each incident; and

    (e)    all documents in the possession of the Plaintiff or others which describe each incident.

**ANSWER:**

    2.    State in full and complete detail all of the facts which support or tend to support the allegations contained in paragraph 1(b) of the Amended Complaint including:

  (a) the identity of the co-worker;

  (b) the identity of the supervisor;

  (c) the date(s) when the co-worker allegedly told the supervisor of the action he allegedly took;

  (d) the place(s) where the alleged event took place;

  (e) the identity of any witness(es); and

  (f) any documents in the possession of the Plaintiff or others which support or tend to support the allegation.

**ANSWER:**


5. State in full and complete detail all facts which support or tend to support the allegation contained in paragraph 1(c) of the Amended Complaint that ". . . he felt that he had exhausted all efforts within the company . . ." including

  (a) a complete description of the "efforts" undertaken by the Plaintiff;

  (b) the dates on which these "efforts" were undertaken;

  (c) the identity of all Company personnel contacted by any method by the Plaintiff

  (d) the places where any of the events described in subpart (a) of this interrogatory took place;

  (e) any documents which the Plaintiff or others gave to the Company; and

  (f) any documents which any Defendant gave to the Plaintiff.

**ANSWER:**

6. State in full and complete detail all facts which support or tend to support the allegation contained in paragraph 1(d) of the Amended Complaint including:

    (a) each alleged incident listed by each Defendant, which the Plaintiff alleges constitute retaliatory conduct;

    (b) the date(s) that each alleged incident occurred;

    (c) the place(s) where each alleged incident occurred;

    (d) the identity of any witnesses to each alleged incident identified in the answer to subpart (a) of this interrogatory; and

    (e) any documents which discuss, describe or in any way refer to each incident identified in the answer to subpart (a) of this interrogatory.

**ANSWER:**


7. State in full and complete detail all facts which support or tend to support the allegations contained in paragraph 2 of the Amended Complaint, including all documents in the Plaintiff's possession or the possession of others, including any complaint filed by the Plaintiff with the Occupational Safety and Health Administration, which support or tend to support this allegation.

**ANSWER:**


8. State in full and complete detail all facts which support or tend to support the allegation contained in paragraph 3 of the Amended Complaint.

**ANSWER:**

9.    State in full and complete detail all facts which support or tend to support the allegation contained in paragraph 4 of the Amended Complaint.

**ANSWER:**


10.   State whether the Plaintiff ever filed a charge of unlawful employment discrimination with either the Equal Employment Opportunity Commission or the Delaware Department of Labor; if so, provide

    (a)    a copy of the charge(s);

    (b)    a copy of any finding or determination made by each agency;

    (c)    A copy of a Notice of Right to Sue letter issued by each/any age agency.

Respectfully submitted,

/s/ Roger D. Landon

Roger D. Landon (Del. Bar. No. 2460)
Murphy, Spadaro & Landon
1011 Centre Road, #210
Wilmington, Delaware 19805
Telephone: (302) 472-8100
Facsimile: (302) 472-8135

/s/ Arthur M. Brewer

Arthur M. Brewer
Admitted *Pro Hac Vice*
Shawe & Rosenthal, LLP
20 S. Charles Street, 11th Floor
Baltimore, MD 21201
Telephone: (410) 752-1040
Facsimile: (410) 752-8861

*Attorneys for Defendant*

March 8, 2007

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of Defendant's First Set of Continuing Interrogatories to Plaintiff was served this 8th day of March, 2007, by First Class mail, postage prepaid, upon:

        Timothy Matthews
        P. O. Box 1453
        Seaford, DE  19973

        /s/ Arthur M. Brewer

        Arthur M. Brewer

#149812

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY MATTHEWS, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. 06-330 |
| v. | * | |
| | * | |
| MOUNTAIRE FARMS | * | |
| OF DELAWARE, *et al.* | * | |
| | * | |
| Defendants. | * | |
| _____/ | | |

**NOTICE OF SERVICE OF DISCOVERY**

I hereby certify that a copy of **Defendants' First Set of Continuing Interrogatories to Plaintiff** was served by First Class mail, postage prepaid, on March 8, 2007 on:

Timothy Matthews
P. O. Box 1453
Seaford, DE  19973

Respectfully submitted,

/S/ *Roger D. Landon*
Roger D. Landon (Del. Bar. No. 2460)
Murphy, Spadaro & Landon
1011 Centre Road, #210
Wilmington, Delaware 19805
Telephone:  (302) 472-8100
Facsimile:   (302) 472-8135


/S/ *Arthur M. Brewer*
Arthur M. Brewer
Admitted *Pro Hac Vice*
Shawe & Rosenthal, LLP
20 S. Charles Street, 11th Floor
Baltimore, MD  21201
Telephone:  (410) 752-1040
Facsimile:   (410) 752-8861
*Attorneys for Defendants*

March 8, 2007

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Notice of Service was served this 8th day of March, 2007 by First Class mail, postage prepaid, upon:

>Timothy Matthews
>P. O. Box 1453
>Seaford, DE  19973

>/S/  *Arthur M. Brewer*
>Arthur M. Brewer