UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Timothy Matthews
    Plaintiff

C.A. No. 06-330

v.

Mountaire Farms of Delaware, et. al.
    Defendants



PLAINTIFF RESPONSE TO FIRST SET OF CONTINUING INTERROGATORIES

Note: all dates and times if given are approximate.

1)

1. Roland Lynch- Arbitrary dereliction of Duty as a supervisor due to Plaintiff race and in retaliation for exercising his first amendment right to seek redress. Roland Lynch failed to take prompt action as required by Mountaire's Policies. He did not notify the safety manager of defendant Bett's intentional conduct. Approximately two weeks passed after Mr. Lynch found out about the intentional misconduct of defendant Bett's, with no action or inquiry into Bett's conduct. In addition, defendant Roland, has attempted to minimize the heinous conduct of Bett's via his personal statement reference as Plaintiff exhibit No. 7 to amended complaint.

2. Well Bett's: Arbitrary and overt disregard of companies safety policy due to plaintiff race. Engaging in heinous conduct due to his dislike of plaintiff because of plaintiff race, and plaintiff refusal to "bow down" to him (referring to defendant Betts).

3. Al Pascual, Jr. - Arbitrary dereliction of Duty as Human Resource Manager due to Plaintiff race, and in retaliation for plaintiff exercising his first amendment right to seek redress. Defendant Pascual failed to intervene to insure company policies were followed; thus allowing Roland Lynch in concert with Nurses Pittman & Cary, and benefits manager to systematically as well as arbitrarily harass Plaintiff. His dereliction of duty incited and invited an environment, wherein Plaintiff was discriminated against, retaliated against for seeking his supervisor to make inquiry

into Bett's heinous and overt conduct. In contrast, defendant Bett's did not experience any noticeable harassing conduct, nor harsh discipline for the conduct he engaged in because he was a caucasion, and a personal friend to Roland Lynch.

4. Claudia Pittman: Dereliction of duty in concert with other noted defendants due to plaintiff race, and in retaliation for plaintiff exercising his first amendment right to seek redress. Despite, the company's written standard operating procedure noted on page 2 of Mountaire's Corporation Employee's Benefits Orientation Packet which states the company's policies regarding absences due to medical reasons, defendant Pittman repeatedly as well as arbitrarily refused to accept Plaintiff note from a licensed physician, and repeatedly harassed plaintiff without just cause seeking repeated doctor's clearances in violation of the company's standard operating procedures because of plaintiff race.

5. Lori Cary: Dereliction of duty in concert with other defendants because of plaintiff race, and due to the fact that plaintiff exercised his first amendment right to seek redress. Failed to adhere to company's clearly written policies as referenced in number 4 of this response.

6. Linda Mitchell: Dereliction of duty in concert with the other defendants due to plaintiff race, and as a result of plaintiff exercising his first amendment right to seek redress. Defendant Mitchell reduced plaintiff pay to short term disability, despite the fact that plaintiff had no disability, and was repeatedly cleared to return to work. The short term disability resulted in a major decrease in plaintiff pay; thus causing plaintiff undue stress and financial problems. The stress adversely affected his family's and his financial and physical wellbeing.

2)

a. Well Betts

b. Roland Lynch

c. According to Roland Lynch statement referenced as plaintiff exhibit #7, attached to the amended complaint September 2004, according to the police report referenced as plaintiff

exhibit #5 also attached to the amended complaint Sept. 15, 2004.

d. Feed Mill Parking Lot at Mountaire

e. Well Betts was his own witness. He had such dislike for plaintiff, that he was overt in informing plaintiff that he engaged in the heinous conduct.

f. Statement of Roland Lynch attached as exhibit #7

  Tape Plaintiff exhibit # 8

  Appeals Docket from Dept. of Labor, Exhibit #3

Note Plaintiff has received no questions for numbers 3 & 4

5)

1. Plaintiff spoke to Roland Lynch on or about the 15th of September 2004. Defendant Lynch informed Plaintiff to "leave it alone." Defendant Lynch did not take anymore action. His initial statements prior to finding out who did it was " whoever did it would be terminated." However, when he found out that his "buddy" had engaged in the negative conduct, he refused to discipline him.
2. Plaintiff then spoke to Mike Stuck, which was defendant Roland's manager. Mr. Stuck inform plaintiff that he would speak to defendant Roland.
3. Next, Plaintiff spoke Gary Anderson a person he knows as the Human Resource Manager.
4. HR Mgr, decided to meet with all parties involved.
5. Meeting was held; The results was a written repramand to defendant Bett's. Further as noted on plaintiffs tape, Mr. Betts clearly expressed his views regarding the incident in a negative tone.
6. Despite company's standard operating procedures regarding safety violations, the safety manager was never contacted regarding the incident.

6) Refer to repeated requests by Nurse Pittman and Cary, Plaintiff Doctors Clearance Notes, and Mountaire's company policy: See plaintiff exhibits as attached to the

amended complaint # 1(Plaintiff Dr.s Note to return to work w/ attached company's policy dated 12-13-04---not good enough for nurse); # 2 Plaintiff Dr's Note to return to work, dated 12/17/04----still not good enough; #3 Note from Defendant Pittman dated 1-14-04---referencing her desire to have plaintiff cleared by neurologist---failing to accept Licensed Dr's clearance for Plaintiff to return to work; #4

7.
The OSHA Section 5(a)(1) forbids employers from allowing serious safety violation which could lead or result to worker injury. It insures that employers who have knowledge of hazards to take the necessary precautions to prevent it from occurring. It defines hazards and recognizes OSHA general duties with respect to hazards on the job.

8) All of the defendants who were white did not noticeably harass nor take disciplinary action against defendant Bett's for his heinous conduct. The defendant's systematically subjected plaintiff to disparate treatment, failing to adhere to companies policies. They provided inconsistent testimony during Dept. of Labors investigatory process. Defendants disregarded their standard operating procedure and terminated plaintiff on hear say, as opposed to factual evidence. Yet, defendant's did nothing but verbally repmand defendant Bett's for his intentionally heinous conduct. Plaintiff was subjected to harsher disciplinary treatment because of his race.

9) Delaware Law Title 19 Delaware State Code 711 clearly states, "It shall be unlawful employment practices for any employer,……to discharge,.. or otherwise discriminate against any individual…..on the basis of such person's race……..because such person has oppose any practice prohibited by this subchapter or because such person has testified, assisted or participated in any manner in an investigation, proceeding, or hearing to enforce the provisions of this chapter.

In this case, Defendant intentionally placed quarters in plaintiff air-brake lines partially obstructing the lines. Plaintiff became upset, realizing that he needed to inform his superior. As the negative conduct engaged in by Bett's was of grave concern, and the limits if not contained was unknown, as Mr. Bett's attempted to create a situation that could have resulted in bodily harm to plaintiff. Yet, Plaintiff was systematically penalized for is conduct of reporting the incident, that threatened to cause hm(plaintiff bodily harm). Plaintiff harassment ultimately led to him being unlawfully fired after the systematic mind games were levied against by each of the defendants.

This overall conduct created a hostile work environment and cause undue mental anguish, and stress to plaintiff. The stress adversely affected his family's and his physical wellbeing. All of these effects were compounded by the financial problems that resulted when Plaintiff pay was reduced to short term disability without just cause, and after being fired---the negative references which agents from Mountaire's continue to pass along to prospective employers of Plaintiff.

10. Documents in process of being obtained.

Dated: 5 April 07

Respectfully submitted

*Timothy Matthews*
Timothy Matthews

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Timothy Matthews
    Plaintiff

                                  C.A. No. 06-330

v.

Mountaire Farms of Delaware, et. al.
    Defendants

### CERTIFICATE OF SERVICE

I certify that a copy of Plaintiff Response to First Set of Continuing Interrogatories were mailed US Mail Prepaid postage on 5 April 07 to the following:

Roger Landon, Esq.
1011 Centre Road #210
Wilmington, De.
    19805

Arthur Brewer
20 S. Charles St., 11th Fl.
Baltimore, Md.
    21201

Dated: 5 April 07

Respectfully submitted
*Timothy Matthews*
Timothy Matthews



Timothy Matthews

US District Court - Delaware
844 N King St. Lock box 18
Wilmington, De
19801

WILMINGTON DE
06 APR 2007 PM

X-RAY