**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

TIMOTHY MATTHEWS,         *

                          *

        Plaintiff,    *    Civil Action No. 06-330

    v.                  *

                          *

MOUNTAIRE FARMS       *

OF DELAWARE, *et al.*      *

                          *

        Defendant.    *

_____/

**DEFENDANTS' OPPOSITION**
**TO PLAINTIFF'S REQUEST FOR ENLARGEMENT OF TIME**
**TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Mountaire Farms of Delaware, *et al*. ("Mountaire"), by undersigned counsel, hereby submit their Opposition to Plaintiff's Request for Enlargement of Time to Respond to Defendants' Motion for Summary Judgment, and state as follows:

1.      On May 19, 2006 Plaintiff filed this action *pro se*.  Along with the Complaint, Plaintiff filed a motion for the appointment of counsel.

2.      On July 26, 2006, Plaintiff's motion for the appointment of counsel was denied.

3.      On November 7, 2006, the Scheduling Order was issued by this Court.  That Order provided that any "summary judgment motions . . . [must] be filed on or before July 9, 2007," and any "Answering brief [must] be filed on or before July 23, 2007."  (emphasis added).

4.      On May 29, 2007, a further request by Plaintiff for the appointment of counsel was denied because this Court had concluded that this particular plaintiff, Timothy Matthews, was "sufficiently capable of presenting this case without assistance.  For example, in his complaint, Matthews has clearly laid out the facts which he believes entitle him to relief. . . . filed an amended complaint, and answers to interrogatories propounded by the defendant."  The

Order also emphasized the fact that this case is not "so factually or legally complex at the present time as to warrant the appointment of counsel." In that regard, the facts and the law at issue in this case have not changed.

5.     On July 9, 2007, Defendant filed a timely Motion For Summary Judgment.

6.     Plaintiff did not file an Answering brief, or have any communication with Defendants about his renewed attempt to find counsel and extend the time period for filing an Answering Brief. Instead, twenty-five (25) days after the time for filing an Answering brief expired (on August 17, 2007), Plaintiff filed, what he characterized as, a "Request for Enlargement of Time to Respond to Defendants Motion for Summary Judgment." However, Plaintiff's motion is more accurately characterized as a "Request for a Stay of Proceedings for Plaintiff to Seek Counsel Who May Agree to File an Untimely Answering Brief in Response to Defendants Timely Motion for Summary Judgment."

7.     Plaintiff's motion, regardless of how it is characterized, should be denied in order to avoid unfair prejudice to Defendants and unnecessary delay. Plaintiff motion should also be denied because he has ignored the Order of this Court and both the federal and local Rules of Civil Procedure without excuse. Any request for an enlargement of time should have been made well before the date his Answering brief was due. Federal Rule of Civil Procedure 6 (b); Local Rule 7.1.2(b); *Canup v. Mississippi Van. Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa. 1962).

8.     Rule 6(b) of the Federal Rules of Civil Procedure provides that when "an act is required . . . to be done . . .  within a specified time, the court <u>for cause shown</u> may . . . order the period enlarged if [requested] <u>before the expiration</u> of the period originally prescribed or as extended by a previous order; or . . . upon motion made after the expiration of the specified period . . . [if the] failure to act was the <u>result of excusable neglect</u>." (emphasis added).

Plaintiff's Motion should be denied because he is unable to show that his failure to act (*i.e.*, file an Answering brief or move for an enlargement of time by July 23, 2007), "was the result of excusable neglect." *See Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995) ("excusable neglect" requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules"). Instead, Plaintiff simply states that he "has spoken to counsel Maggie Clausell of Dover, Delaware <u>in hopes</u> of obtaining her representation in this matter." Pl. Req. for Enlargement, ¶ 1.

9.     Plaintiff's *pro se* status is also insufficient to warrant an untimely motion for enlargement of time to respond to Defendant's pending Motion for Summary judgment. *Slangal v. Getzin*, 148 F.R.D. 691 (D. Neb. 1993).

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that Plaintiff's Request for Enlargement of Time be denied, and that this Court rule of Defendants' Motion for Summary Judgment without hesitation.

August 27, 2007                          Respectfully submitted,

*/s/ Roger D. Landon*
Roger D. Landon (Del. Bar. No. 2460)
MURPHY & LANDON
1011 Centre Road, #210
Wilmington, Delaware 19805
Telephone:  (302) 472-8100
Facsimile:   (302) 472-8135

*/s/ Arthur M. Brewer*
Arthur M. Brewer (Admitted *Pro Hac Vice*)
SHAWE & ROSENTHAL, LLP
20 S. Charles Street, 11th Floor
Baltimore, MD  21201
Telephone:  (410) 752-1040
Facsimile:   (410) 752-8861
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that Defendants' Opposition to Plaintiff's Request for Enlargement of

Time to Respond to Defendants' Motion for Summary Judgment was served this 27th day of

August, 2007, by First Class mail, postage prepaid, upon:

> Mr. Timothy Matthews
> P. O. Box 1453
> Seaford, DE  19973


> */s/ Roger D. Landon*
> Roger D. Landon