# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TIMOTHY MATTHEWS, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. 06-330 |
| v. | * | |
| | * | |
| MOUNTAIRE FARMS | * | |
| OF DELAWARE, *et al.* | * | |
| | * | |
| Defendant. | * | |
| _____/ | | |

## DEFENDANTS' REPLY BRIEF IN
## SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Roger D. Landon (Del. Bar. No. 2460)
MURPHY & LANDON
1011 Centre Road, #210
Wilmington, Delaware 19805
Telephone:  (302) 472-8100
Facsimile:   (302) 472-8135

Arthur M. Brewer (Admitted *Pro Hac Vice*)
Teresa D. Teare
SHAWE & ROSENTHAL, LLP
20 S. Charles Street, 11th Floor
Baltimore, MD  21201
Telephone:  (410) 752-1040
Facsimile:   (410) 752-8861

*Attorneys for Defendants*

December 10, 2007

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

    A.  Mr. Matthews' alleged material facts at issue are not supported by the
        record evidence and are not sufficient to overcome Summary Judgment .................... 2

    B.  Mr. Matthews cannot establish a *prima facie* case of retaliation and Summary
        Judgment is appropriate ................................................................................................ 8

CONCLUSION ................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Barber v. Univ. of Medicine and Dentistry of N.J.*,
118 Fed. Appx. 588, 2004 WL 2904723, at *2 (3d Cir. 2004) ................................................ 5

*Burlington N. & Santa Fe Ry. Co. v. White,*
126 S. Ct. 2405, 165 L.Ed.2d 345 (2006) ............................................................................... 9

*Celotex Corp. v. Catrett*,
477 U.S. 317, 106 S. Ct. 2548 (1986) ............................................................................. 2, 4, 5

*Chiaramonte v. Fashion Bed Group, Inc.*,
129 F.3d 391 (7th Cir. 1997) .................................................................................................. 3

*Ferguson v. E.I. DuPont de Nemours & Co.*,
560 F. Supp. 1172 (D. Del. 1983) .......................................................................................... 9

*Hutchins v. United Parcel Serv., Inc.*,
197 Fed. Appx. 152 (3d. Cir. 2006) ..................................................................................... 10

*LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*,
503 F.3d 217 (3d Cir. 2007) ................................................................................................. 10

*McDonnell Douglas Corp. v. Green,*
411 U.S. 792 (1973) ............................................................................................................... 8

*Moore v. City of Philadelphia*,
461 F.3d 331 (3d Cir. 2006) .................................................................................................. 8

**Statutes**

Delaware Discrimination in Employment Act, 19 Del. C. § 711 ............................................. 1

42 U.S.C.A. § 2000e-2(a) ...................................................................................................... 2, 3

42 U.S.C.A. § 2000e-3, *et. seq.* ............................................................................................. 2, 3

**Rules**

Federal Rule of Civil Procedure 56(e) ....................................................................................... 2

## INTRODUCTION

Defendants, Mountaire Farms of Delaware, *et al.*, hereby file their Reply to Plaintiff's Opening Brief in Opposition to Defendants' Motion for Summary Judgment. Contrary to Plaintiff's (hereinafter "Plaintiff" or "Mr. Matthews") argument, there are no material facts at issue requiring a trial on the merits. Accordingly, the Defendant's Motion for Summary Judgment should be granted in its entirety.

As an initial matter, Plaintiff concedes that summary judgment should be granted as to two (2) of the three (3) counts alleged in the Amended Complaint. First, Plaintiff concedes that there is no private right of action under the Delaware Discrimination in Employment Act, 19 Del. C. § 711. (D.I. 25, p. 21). Second, Plaintiff concedes that there is no private right of action under the Occupational Safety and Health Act (OSHA). (D.I. 25, p. 21). Summary judgment should, therefore, be granted as to those two claims.

Further, Plaintiff also concedes that individually-identified Defendants Betts, Pascaul, Pittman, Carey and Mitchell are not proper parties to the suit. (D.I. 25, p. 21). Accordingly, Summary judgment should be granted dismissing those parties from the suit.

As to the one remaining claim against Defendants Mountaire Farms and Roland Lynch (herein collectively referred to as "Mountaire"), contrary to Plaintiff's efforts to divert the Court's attention from the legally operative facts, there are no material facts in dispute that

require a trial on the merits.[1]  Simply, Plaintiff's Opposition is devoid of any genuine dispute of material fact that would permit a factfinder to conclude that Plaintiff was subjected to retaliation.  Summary judgment is, therefore, appropriate.

## ARGUMENT

### A. Mr. Matthews' alleged material facts at issue are not supported by the record evidence and are not sufficient to overcome Summary Judgment.

Despite Mr. Matthews' contention that there are genuine issues of material fact that preclude summary judgment, Mr. Matthews simply sets forth eight (8) questions – unsupported by any record evidence – to somehow cast doubt on the issues in this matter. (D.I. 25, p. 12-13).  His recitation of these eight (8) queries, however, is simply not enough to demonstrate genuine disputes of material facts.

Indeed, it is well-established that in order to defeat a motion for summary judgment, Fed. R. Civ. P. 56(e) requires the adverse party to set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e) specifically states that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986) (stating that Rule 56 "requires the nonmoving party to

---

[1]  Mountaire argued in its Opening Brief that Plaintiff had failed establish a *prima facie* claim of race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-2(a).  This argument was offered based on the vague allegations in Plaintiff's Complaint that "Defendants discriminated against Plaintiff because he is African-American."  *See* D.I. 13, p. 3.  In his Opening Brief, Plaintiff affirms that he has only brought a claim of retaliation under 42 U.S.C.A. § 2000e-3.  (D.I. 25, p. 4) (stating that "Plaintiff Timothy Matthews filed an amended complaint alleging that Defendants violated the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-3, *et. seq.*").

go beyond the pleadings and by affidavits, or depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial") (internal quotations omitted). Mr. Matthews' Opening Brief does not set forth specific facts or evidence to show that there are genuine issues for trial.

To highlight the shortcomings in Mr. Matthews' assertions, Mountaire addresses each of Mr. Matthews' alleged "issues of material fact" as follows:

- Did Mr. Lynch make the final decision with regard to the hiring and firing of Plaintiff such that *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 399 (7th Cir. 1997) is applicable in this case as cited in Defendants brief for Summary Judgment and there is a presumption of non-discrimination. Mr. Lynch asserts in his affidavit that he hired and fired the Plaintiff, but… other than his claim there is no evidence in the record to support his claim. (D.I. 25, p. 12-13).

Whether Mr. Lynch made the final decision with regard to the hiring and firing of Plaintiff is not a material fact at issue. While Mountaire included a discussion of disparate treatment discrimination in its Opening Brief, this was based on Mr. Matthews' cursory statement it his Amended Complaint that "Defendant discriminated against Plaintiff because he is African-American." (D.I. 13, p. 3, ¶ 3). Plaintiff has made it patently clear through his Opposition that he *only brought a claim of retaliation* under 42 U.S.C.A § 2000e-3(a). (D.I. 25, p. 4, affirming that the nature of the proceedings as falling under 42 U.S.C.A. § 2000e-3). As this Court is well aware, Title VII has two separate provisions – one prohibiting discrimination in the workplace and the other prohibiting retaliation for participating in Title VII activities. *Compare* 42 U.S.C.A. § 2000e-2(a) (prohibiting discrimination in the workplace) *with* 42 U.S.C.A. § 2000e-3(a) (prohibiting retaliation for engaging in protected activity). The issue of whether the same decisionmaker hired and fired the Plaintiff is only relevant under the first category, a disparate treatment claim of discrimination under 42

3

U.S.C.A. § 2000e-2(a). Mr. Matthews has not alleged discrimination in the case at bar. Thus, this issue is not germane and cannot, we submit, preclude summary judgment.[2]

Further, Plaintiff does not point to any specific facts that create a genuine dispute as to whether Lynch was, indeed, the decisionmaker. Even by way of the Mr. Matthews's own affidavit, Mr. Matthews does not expressly dispute that Lynch hired him. (*See* D.I. 25-7). Mr. Matthews' affidavit is devoid of any reference to whether Mr. Lynch hired him. (D.I. 25-7). Simply raising hypothetical and unsubstantiated questions is not sufficient to satisfy the requirement of Rule 56 and, we contend, is clearly not sufficient to overcome disposition by way of summary judgment.

- Did Mountaire Farms have any conversations with the Department of Labor notifying it of Plaintiff's discrimination complaint prior to receipt of the January 6, 2007 charging letter such that Defendants knew that Plaintiff had filed a complaint alleging discrimination and a hostile workplace prior to his termination? (D.I. 25, p. 13).

The Plaintiff attempts to cast doubt regarding Mountaire's knowledge of Plaintiff's charge of discrimination. Again, however, the Plaintiff can point to no evidence in the record to support the suggestion that Mountaire had knowledge of Mr. Matthews's charge when he was terminated. Casting doubt is not sufficient; moreover, trial is not the time for discovery or to test whether Mr. Matthews can prove his claim. As the United States Supreme Court has stated, a party moving for summary judgment may meet its burden by showing that there is an "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). Here, it is undisputed that Mountaire received

---

[2] If the Court finds that Mr. Matthews adequately raised a claim of discrimination, Defendants' rest on the arguments set forth in their Opening Brief as to Plaintiff's claim of discrimination. *See* D.I. 19, p. 26-27.

the charge of discrimination by mail on January 12, 2005 and Mr. Matthews produced no evidence to show otherwise. (D.I. 20-6).

- Did Mountaire Farms have knowledge that Plaintiff had filed a police report against Wells Betts prior to its termination of Plaintiff? (D.I. 25, p. 13).

Again, the assertion that Mountaire had knowledge that Mr. Matthews had filed a police report against Betts prior to the Mr. Matthews' termination is not supported by the record evidence. Plaintiff has not come forth with any evidence to support this suggestion. In the absence of evidence to support the Plaintiff's case, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 325, 106 S. Ct. at 2554.

- Did Mountaire Farms ignore the hostile work environment and racial animus towards Plaintiff as suggested by Lynch's affidavit when he told the Plaintiff, if it were him, he would "forget about it and go about my business." (D.I. 25, p. 13).

Initially, although the Plaintiff scatters his brief with references to a "hostile work place," the Plaintiff did not bring a claim for hostile work environment under Title VII. *See Barber v. Univ. of Medicine and Dentistry of N.J.*, 118 Fed. Appx. 588, 591, 2004 WL 2904723, at *2 (3d Cir. 2004) (stating that to bring an action under Title VII for a hostile work environment, Plaintiff must plead the following: "(1) he suffered intentional discrimination because of his race; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person of the same race in that position; and (5) the existence of respondeat superior liability."). The Plaintiff's Amended Complaint is devoid of any such allegations. (D.I. 13). More importantly, however, Mr. Matthews again sets forth no facts to create a dispute of fact. Mere questions are not sufficient to create a dispute of material fact.

- Did the December 14, 2004 return to work note mention that the Plaintiff had an appointment with a neurologist on December 16, 2004? If it did not, as Plaintiff contents, Defendants['] assertion that Plaintiff delayed seeking medical attention and prolonged his time on disability pay is incorrect. (D.I. 25, p. 13).

The Plaintiff misstates the record evidence and is seemingly confused by the fact that Mr. Matthews submitted two (2) return-to-work forms from Dr. Rosas in December 2004, both of which were entered into evidence by the Plaintiff in his Amended Complaint. (D.I. 13, Exh. 1, 2). The first form was dated December 13, 2004 and submitted to Mountaire on December 14, 2004. (D.I. 13, p. 5, ¶15, Exh. 1; D.I. 20-4, p 7). The undisputed facts show that Mr. Matthews called in sick on December 13, 2004. (D.I. 13, p. 5 ¶ 15; D.I. 20-4, p. 7). Mr. Matthews returned to work on December 14, 2004, and presented a doctor's note dated December 13, 2004, which indicated that he was suffering from lightheadedness and dizziness and must be seen for further evaluation. (D.I. 13, p. 5, ¶15, Exh. 1; D.I. 20-4, p. 7). Mountaire would not allow Mr. Matthews to return to work because of his condition and required him to be cleared by a neurologist. (D.I. 20-4, p. 3).

The second form, which Plaintiff points to in an attempt to create a dispute of fact, was submitted by the Mr. Matthews when he attempted to return to work on or about December 16, 2004. He presented the Company with a second note from Dr. Rosas stating that he was cleared to return to work without restrictions. (D.I. 13, Exh. 2). Mr. Matthews had not, however, kept his appointment with the neurologist, which he was told to do before he could return to work. (D.I. 20-4, p. 3).

Therefore, there is no dispute of fact as to what the two doctor's notes stated. Moreover, Mr. Matthews's dilatory actions, coupled with the Company's concern for the safety of the Mr. Matthews and third parties, resulted in Mr. Matthews's inability to return to

work until January 6, 2005. Despite Plaintiff's allegations, there was nothing "retaliatory" about Mountaire's request that Mr. Matthews be cleared by a neurologist so that he could safely drive an 80,000 lb. gross weight vehicle on the highways.

- Did Milford Occupational Health have earlier appointment slots available so that Plaintiff could have been seen earlier and returned to work earlier than January 7, 2005? (D.I. 25, p. 13).

    and

- Was the manner of Plaintiff's termination inconsistent with company policy? (D.I. 25, p. 13).

Again, the Plaintiff fails to point the Court to specific facts showing that there is a genuine issue for trial as to either of these issues. The undisputed facts show that on December 22, 2004 (right before the holiday season), Milford Occupational Health informed the Company that the first available "Fit for Duty" exam was January 6, 2005. (D.I. 20-4, p. 4). The Plaintiff offers no evidence to rebut this allegation.

Further, consistent with Company Policy, the Plaintiff was suspended first, then terminated after he failed to call Human Resources. (D.I. 20-2, p. 7). Clearly, these questions are not enough to show there is a genuine issue for trial.

- Did Plaintiff suffer materially adverse job actions such that *Burlington Northern* is applicable and the jury should be the trier of fact? (D.I. 25, p. 10).

The Plaintiff's final allegation is a question of law appropriate for determination by way of summary judgment.

In sum, Mr. Matthews has wholly failed to demonstrate through record evidence that there are material facts in dispute which would preclude the entry of summary judgment.

7

Summary judgment is appropriate, as in this case, where there is absence of evidence to support the nonmoving party's case.

### B. Mr. Matthews cannot establish a *prima facie* case of retaliation and Summary Judgment is appropriate.

As discussed in detail in Mountaire's Opening Brief, Mr. Matthews cannot prove a *prima facie* case of retaliation. Mountaire addresses, however, the legal arguments set forth in the Plaintiff's Opening Brief to demonstrate the weaknesses in the Plaintiff's legal argument based on the undisputed record evidence.

It is well settled that the Plaintiff bears the burden of showing that (1) he engaged in protected activity; (2) he suffered an adverse employment action either after or contemporaneously with the protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973); *Moore v. City of Philadelphia*, 461 F.3d 331, 340 - 341 (3d Cir. 2006). The Plaintiff has not and, we submit, cannot proffer any evidence to prove any of the elements enumerated above.

First, the Plaintiff's alleged protected activity of complaining internally about the brake tampering incident does not meet the Title VII threshold. *See Moore*, 461 F.3d at 341 (citations omitted) ("employee must hold an objectively reasonable belief, in good faith, that the activity they oppose is unlawful under Title VII"). In fact, the Plaintiff "<u>concedes that he was concerned about his safety</u>," and not concerned about discrimination. (D.I. 25, p. 14) (emphasis added). Further, the Plaintiff proffers no evidence that when he complained about

8

the brake incident, he informed Mountaire that he believed the reason for Betts' conduct was racially-motivated.[3]

Second, the Plaintiff's alleged adverse employment actions in being placed on short-term disability, not being offered light duty work, and being required to submit medical clearances to return to work had absolutely nothing to do with the Plaintiff's alleged internal complaint about the Betts incident. As the undisputed evidence reveals, Mountaire's concern for the safety of Mr. Matthews and third-party bystanders was the only motivating reason for having Mr. Matthews, a commercial truck driver, get medical clearance after complaining about dizziness and lightheadedness. (D.I. 20-4, p. 3). Clearly, such "petty slights or minor annoyances that often take place at work and that all employees experience" do not rise to the level of materially adverse. *See Burlington N. & Santa Fe Ry. Co. v. White,* 126 S. Ct. 2405, 2415, 165 L.Ed.2d 345 (2006).

Finally, there is no casual connection between Mr. Matthews's complaining about the Betts incident and any action on the part of the Company. The Plaintiff has failed to produce "evidence sufficient to raise the inference that [his alleged] protected activity was the likely reason for the adverse action." *See Ferguson v. E.I. DuPont de Nemours & Co.,* 560 F. Supp. 1172, 1200 (D. Del. 1983) (quoting *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir.1982)). As stated above, the reason for requiring medical clearance was safety and had nothing to do with the Plaintiff's concerns regarding the Betts incident.

---

[3] As discussed above, there is no dispute of fact that Mountaire did not receive notice of Plaintiff's charge of discrimination from the State of Delaware until after Plaintiff's termination. (D.I. 20-6). Thus, Mr. Matthews never engaged in protected activity that the Company had knowledge of or that would fall within the purview of Title VII.

Moreover, the reason for Mr. Matthews' termination four (4) months later similarly had nothing to do with his complaints about the Betts incident (or any alleged intervening complaints). A gap of four (4) months between the protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment. *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007). More importantly, however, Mr. Matthews was suspended after threatening a co-worker by stating that "somebody is going to get his freakin' head slapped." (D.I. 20-5, p. 3). Mr. Matthews was placed on suspension for three (3) days and informed that he should call the Human Resources Department. Mr. Matthews never called, and was terminated thereafter.

Mr. Matthews' suspension and subsequent termination was clearly based on a legitimate and nondiscriminatory reason: Mr. Matthews threatened another co-worker with physical violence. (D.I. 20-2, p. 4-7). The decision to terminate Mr. Matthews was made by Mr. Lynch and was based on Company non-written procedures of suspending the employee pending investigation. Mr. Lynch made the decision to terminate Mr. Matthews because he threatened the dispatcher. That does not, we submit, rise to the level of discriminatory intent.

Mountaire has met its "relatively light burden by articulating a legitimate reason for the unfavorable employment decision." *Hutchins v. United Parcel Serv., Inc.*, 197 Fed. Appx. 152, 158 (3d. Cir. 2006) (citing *Fuentes v. Perskie,* 32 F.3d 759, 763 (3d Cir. 1994)). Mr. Matthews, therefore, had the burden of production and was required to "show by a preponderance of the evidence that the employer's explanation is pretextual." *Id.* In the case at bar, the Plaintiff has not offered any evidence, let alone sufficient evidence, for a reasonable factfinder to conclude that Mountaire's explanation is pretextual.

The Plaintiff's only allegation to show pretext is that the manner in which the Company handled the Betts incident was different from the manner in which the Company handled the Plaintiff's termination. (D.I. 25, p. 20) (stating that "[r]acial discrimination and retaliation are the only logical reasons as to why Plaintiff was terminated… and Betts was retained…."). Mountaire determined, and the undisputed evidence shows, that the prank in placing the quarters in the "glad hands" in no way endangered Mr. Matthews' safety because the truck simply could not move. (D.I. 20-2, p. 3). Regardless, Mountaire investigated the incident and issued Betts a final warning based on Company protocol. (D.I. 20-3, p. 2-5).

Mr. Matthews threatened the safety of another co-worker, cowering over the co-worker and yelling, "someone is going to get his freakin' head slapped." (D.I. 20-2, p. 4-7). Mr. Matthews was suspended due to this unacceptable behavior in the workplace. (D.I. 20-2, p. 4-7; D.I. 20-5, p. 3). The undisputed testimony shows that the co-worker, Mr. Johnson, felt so threatened that he attempted to leave his shift unattended for the night. (D.I. 20-5, p. 3). It was only when the Plaintiff failed to call the Human Resources Office as instructed that he was ultimately terminated. (D.I. 20-2, p. 7).

There was nothing pretextual about the decision to termination Mr. Matthews. Based on the fact that the Plaintiff has presented no evidence to rebut Mountaire's legitimate, non-discriminatory reason for his termination, summary judgment is, we respectfully submit, appropriate.

## CONCLUSION

Based on the foregoing and the factual and legal arguments set forth in Defendants' Motion for Summary Judgment, Defendants respectfully request that their Motion for Summary Judgment be granted in its entirety.

Respectfully submitted,

/S/
Roger D. Landon (Del. Bar. No. 2460)
MURPHY & LANDON
1011 Centre Road, #210
Wilmington, Delaware 19805
Telephone:  (302) 472-8100
Facsimile:   (302) 472-8135


/S/
Arthur M. Brewer (Admitted *Pro Hac Vice*)
Teresa D. Teare
SHAWE & ROSENTHAL, LLP
20 S. Charles Street, 11th Floor
Baltimore, MD  21201
Telephone:  (410) 752-1040
Facsimile:   (410) 752-8861

*Attorneys for Defendants*

December 10, 2007

## CERTIFICATE OF SERVICE

This is to certify that Defendants' Reply Brief in Support of their Motion for Summary Judgment, was served this 10th day of December, 2007, by First Class mail, postage prepaid, upon:

    Timothy Matthews
    P. O. Box 1453
    Seaford, DE  19973

                        /S/
                        Roger D. Landon

167843